IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 01-41508
Conference Calendar

———————————

GERALD TIMOTHY McNEIL-BEY,

Petitioner-Appellant,

versus

ERNEST CHANDLER, Warden, United States Penitentiary Beaumont,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-215
--------------------
February 19, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gerald Timothy McNeil-Bey, federal prisoner #70984-079, appeals from the dismissal of his 28 U.S.C. § 2241 habeas corpus petition. McNeil-Bey contends that the time-bar provision of 28 U.S.C. § 2255 is unfair and effectively bars prisoners from seeking 28 U.S.C. § 2255 relief. McNeil-Bey suggests that the time-bar provision renders 28 U.S.C. § 2255 inadequate, allowing him to seek relief under 28 U.S.C. § 2241. McNeil-Bey argues that he could not be convicted of conspiracy because his alleged

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

coconspirator was acquitted; that he received ineffective assistance of counsel because the elements of his offenses were not explained to him; that there was no factual basis for his guilty plea because he denied that there was any conspiracy and denied knowledge about the firearm involved in the offense; and that he could not be convicted of conspiracy merely because he was present at the scene of a crime.

McNeil-Bey does not rely on any retroactively applicable Supreme Court decisions indicating that he may have been convicted of a nonexistent offense, as is required to proceed under 28 U.S.C. § 2241 by *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). He has not shown that the district court erred by dismissing his habeas corpus petition.

AFFIRMED.